UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :
ENIGMA SOFTWARE GROUP USA, LLC,                            :  Case No. 1:16-cv-07885 (PAE)
                                                           :
                              Plaintiff,                   :  **JURY TRIAL DEMANDED**
                                                           :
       -against-                                           :
                                                           :
MALWAREBYTES INC.,                                         :
                                                           :
                              Defendant.                   :
                                                           :
-----------------------------------------------------------x

**MEMORANDUM IN SUPPORT OF ESG'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL ALLEGATIONS**

Plaintiff Enigma Software Group USA, LLC ("ESG") files the Motion for Leave to File Supplemental Allegations set forth in Exhibit A to the Declaration of Christopher M. Verdini attached hereto, that reflect additional unlawful conduct undertaken by Defendant Malwarebytes, Inc. ("Malwarebytes") on or around December 21, 2016, *i.e.*, two weeks after ESG filed its First Amended Complaint ("FAC").  *See* Fed. R. Civ. P. 15(d) ("[O]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."); *Kalimantano GmbH v. Mot. in Time, Inc.*, 939 F. Supp. 2d 392, 403 (S.D.N.Y. 2013) ("Such a motion should be freely granted '[a]bsent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility.'" (quoting *Quaratino v. Tiffany & Co.,* 71 F.3d 58, 66 (2d Cir. 1995))).

For the reasons set forth in ESG's Opposition to Malwarebytes' Motion to Dismiss, filed concurrently herewith, the allegations already contained in in ESG's FAC are more than sufficient to survive Malwarebytes' motion to dismiss on all grounds.  However, so that the Court is apprised of the full scope of Malwarebytes' misconduct, ESG respectfully requests leave to file the supplemental allegations which explain actions Malwarebytes has undertaken since the filing of the FAC that constitute a direct continuation of the anti-competitive campaign that Malwarebytes is waging against ESG already detailed in the FAC.  *See Quaratino*, 71 F.3d at 66 ("[L]eave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading.").  The supplemental allegations regarding Malwarebytes' recent conduct do not add to or change any of the claims ESG has asserted in the FAC and do not alter the nature of the relief ESG seeks.  As a result, Malwarebytes will not be prejudiced if ESG

is granted leave to supplement.  *See id.* ("Leave is normally granted, especially when the opposing party is not prejudiced by the supplemental pleading.").

Moreover, because of the limited nature of the supplement, ESG respectfully submits that no responsive pleading or additional motion to dismiss briefing is required.  *See Aktiebolag v. Andrx Pharm., Inc.*, 695 F. Supp. 2d 21, 32 (S.D.N.Y. 2010) ("[W]hether the adverse party will be directed to answer a supplemental pleading and what the time for doing so will be is a matter that is left to the trial court's discretion. … A responsive pleading presumably will not be necessary when the supplemental pleading does not contain anything that deviates sharply from the earlier pleading." (quoting 6A Charles Alan Wright et al., Federal Practice & Procedure § 1509 (2d ed. 2009))).  If the Court denies Malwarebytes' Motion to Dismiss as ESG respectfully submits it should do, ESG is at the Court's disposal to do whatever the Court believes is best to maintain a proper record, including promptly filing a Second Amended Complaint to incorporate just the supplemental allegations that Malwarebytes can then answer per the Federal Rules.

Dated:  January 11, 2016	Respectfully submitted:

By:	/s/ Terry Budd
Terry Budd
Christopher M. Verdini
Anna Shabalov
*Admitted Pro Hac Vice*
K&L GATES LLP
210 Sixth Avenue
Pittsburgh, PA 15222
Telephone: 412.355.6500
Facsimile: 412.355.6501
terry.budd@klgates.com
christopher.verdini@klgates.com
anna.shabalov@klgates.com

&

Eric A. Prager
K&L GATES LLP
599 Lexington Avenue
New York, NY 10022
Telephone: 212.536.3900
Facsimile: 212.536.3901
eric.prager@klgates.com

&

Theodore J. Angelis
*Admitted Pro Hac Vice*
K&L GATES LLP
925 4th Avenue, Suite 2900
Seattle, WA 98104
Telephone: 206.370.8101
Facsimile: 206.370.6006
theo.angelis@klgates.com

*Attorneys for Plaintiff*

3