UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENIGMA SOFTWARE GROUP USA, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>MALWAREBYTES INC.,<br><br>        Defendant. | Case No. 1:16-cv-07885 (PAE)<br><br>**MALWAREBYTES INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF NATHAN SCOTT AND EXHIBITS THERETO AND PORTIONS OF THE DECLARATION OF MARK HARRIS** |

**INTRODUCTION**

The declaration of Nathan Scott and paragraphs of Mark Harris' declaration, in support of Defendant Malwarebytes Inc.'s ("Malwarebytes") motion, are entirely proper and should not be stricken. The Scott Declaration seeks judicial notice of facts that are not subject to reasonable dispute and which Plaintiff Enigma Software Group USA LLC ("Enigma") incorporated by reference in its First Amended Complaint ("FAC"). The Harris Declaration is also proper because it provides facts in support of Malwarebytes' motion to transfer and motion to dismiss for lack of personal jurisdiction. Enigma does not articulate on what basis its request that they be struck is founded, and offers no persuasive authority in support of its contention that the declarations are "procedurally improper."[1] Instead, Enigma's "motion to strike" appears to be an attempt to supplement its brief in opposition to Malwarebytes' motion to dismiss and request for judicial notice. Accordingly, Malwarebytes respectfully requests that the Court deny Enigma's Motion to Strike the Declaration of Nathan Scott and Exhibits Thereto and Portions of the Declaration of Mark Harris (Dkt. 46).

**I.   THE SCOTT DECLARATION AND EXHIBITS 1-3 CONTAIN FACTS THAT THE COURT MAY PROPERLY CONSIDER ON A RULE 12(B)(6) MOTION.**

The Court may consider the Declaration of Nathan Scott (Dkt. 41) and its Exhibits 1 through 3 because Enigma incorporated the facts about the operation of the SpyHunter program into the FAC and because they are properly subject to judicial notice.

---

[1] While a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f), Enigma does not demonstrate that the material challenged here meets that standard. Moreover, courts have questioned the rule's applicability to documents other than pleadings. *See, e.g.*, *Eruchalu v. U.S. Bank, Nat. Ass'n*, No. 2:12-cv-01264, 2013 WL 6669103, at *2 (D. Nev. Dec. 17, 2013) ("[A]s a motion to strike is limited to pleadings and the document Plaintiff seeks to strike is not a pleading, the motion is denied."), *aff'd sub nom. Eruchalu v. U.S. Bank*, 583 F. App'x 846 (9th Cir. 2014).

The FAC touts the features and functionality of Enigma's SpyHunter program. FAC ¶¶ 46, 48-49. It relies on descriptions of SpyHunter and its features, in characterizing its business as "not harassing" in any way. *See, e.g.*, FAC ¶¶ 124-25. Mr. Scott's declaration and the attached exhibits merely illustrate what a user actually sees when using SpyHunter. As the Second Circuit has observed, "the problem that arises when a court reviews statements extraneous to a complaint generally is the lack of notice to the plaintiff that they may be so considered . . . ." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991). There is no such notice problem here: Enigma created the product depicted in the screenshots and describes that product extensively in its complaint.

Nor are the facts in Mr. Scott's declaration and exhibits subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Malwarebytes Inc.'s Request for Judicial Notice (Dkt. 40) ("RJN") at 1 (citing Fed. R. Evid. 201(b)); *cf. In re China Mobile Games & Ent't Grp., Ltd Sec. Litig.*, No. 14-cv-4471, 2016 WL 922711, at *3 (S.D.N.Y. Mar. 7, 2016) (news articles and "attorney representations" not considered since they were neither "incorporated by reference in the Complaint nor properly the subject of judicial notice"). Enigma does not contend that the screenshots are not true depictions of its product. Nor can it: the screenshots and language Mr. Scott quotes in his declaration are from Enigma's own product. Decl. ¶ 2. Enigma can hardly complain that screenshots of the very product it develops, markets, and describes in the FAC is in question. Thus, the facts in Mr. Scott's declaration can be accurately and readily determined by downloading SpyHunter from Enigma's website and observing the product's functionality, and therefore satisfy Federal Rule of Evidence 201.

The cases Enigma relies on are either distinguishable or in fact support the propriety of judicial notice here.  *See* Dkt. 45 at 2.  In *United States v. Bryant*, the Second Circuit reviewed the district court's decision to judicially notice facts relating to damage sustained to a vehicle in a criminal case, finding that while the damages amount could be "subject to varying 'estimates,'" there was no error when it judicially noticed the fact that the damage exceeded a statutory threshold.  402 F. App'x 543, 546 (2d Cir. 2010).  Enigma's reliance on *Alvarez v. County of Orange* to argue that the accuracy of Exhibits 1 through 3 is not capable of determination is also misplaced.  In *Alvarez*, the court took judicial notice of documents that the plaintiff "reference[d]" in his complaint, but declined to take judicial notice of a police report and depositions that the plaintiff had not seen before filing the complaint because the defendants did not demonstrate that the documents otherwise satisfied Rule 201.  95 F. Supp. 3d 385, 394-98 (S.D.N.Y. 2015).  In contrast, here, Enigma both incorporated the facts into its complaint and those facts were judicially noticeable under Rule 201 as facts that can be readily determined from an accurate source.  *See* RJN at 1-2.

Accordingly, Enigma's request that the Court disregard facts and exhibits that are images and text directly from its own product —but still consider Enigma's description of the product— should be denied.

II.  **THE HARRIS DECLARATION PROVIDES THE FACTUAL BASIS FOR MALWAREBYTES' MOTION TO TRANSFER AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISIDCTION.**

The evidence Malwarebytes offered in the Declaration of Mark Harris (Dkt. 39) supports its Section 1404 motion to transfer and Rule 12(b)(2) motion to dismiss and it is well-established that such evidence is proper.  Indeed a court may consider factual submissions outside of the pleadings on a motion to transfer venue and on a motion to dismiss under Rule 12(b)(2).

*Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 737, 743 (S.D.N.Y. 2013).

Ignoring that well-established rule, Enigma speculates that Malwarebytes submitted certain statements in Mr. Harris' declaration to further its Rule 12(b)(6) motion rather than its motion to transfer or Rule 12(b)(2) motion.[2] It is apparent from Malwarebytes' actual motion, however, that Mr. Harris' declaration supports Malwarebytes' arguments for transfer and for dismissal under Rule 12(b)(2) by explaining the lack of connection between this case and New York, and the convenience of litigating this case in California. *See* Memorandum of Law In Support of Motion (Dkt. 38) ("Motion") at 10-16.

Indeed, Mr. Harris' declaration identifies witnesses in California that are knowledgeable about the core issue in this case: Malwarebytes' development and implementation of its Potentially Unwanted Programs ("PUPs") filtering criteria. The challenged statements in Mr. Harris' declaration provide contextual background about Malwarebytes' PUPs filtering (paragraphs 3 and 14) and describe the role of employees who may testify about Malwarebytes' development and implementation of that filtering technology (paragraphs 13 and 16). Similarly, Mr. Harris stated in paragraph 12 that Malwarebytes views Enigma not as a competitor but as developer of software that meets its PUPs criteria. As Mr. Harris stated in paragraphs 13 through 17, the employees who made those determinations are located in Santa Clara, California. Without information about the Malwarebytes' employees who developed and enforce its PUPs criteria, the Court would lack necessary facts to assess the importance of Malwarebytes' California-based

---

[2] Enigma cites to Malwarebytes' memorandum in support of its motion, but the portions it cites notably do not rely on the Harris Declaration. *See, e.g.*, Motion at 20, 24 (citing to the FAC to demonstrate the insufficiency of Enigma's claims under Rule 12(b)(6)).

employees to the underlying case and whether transfer is proper. Enigma's considerably less-detailed declaration is deficient for that very reason.

Malwarebytes also relied on Mr. Harris' declaration, including the challenged paragraphs, to demonstrate that the alleged conduct occurred in California. This supports its position that the locus of operative facts is in California and that Malwarebytes lacks suit-related contacts with New York. *See, e.g.*, Motion at 5-6, 12, 15. These are key issues for the Court to decide Malwarebytes' motion and the Harris Declaration is therefore entirely proper.

## CONCLUSION

For the reasons stated above, the Court may properly rely on the declarations of Mr. Scott and Mr. Harris when considering Malwarebytes' motion to dismiss and motion to transfer. Enigma's Motion to Strike the Declaration of Nathan Scott and Exhibits Thereto and Portions of the Declaration of Mark Harris (Dkt. 46) should accordingly be denied.


Dated: January 25, 2017                    Respectfully submitted,

                                           FENWICK & WEST, LLP

                                           By:    *s/ Tyler G. Newby*
                                                  Attorneys for Defendant
                                                  MALWAREBYTES INC.

                                                  Tyler G. Newby (admitted *pro hac vice*)
                                                  tnewby@fenwick.com
                                                  Sapna Mehta (admitted *pro hac vice*)
                                                  smehta@fenwick.com
                                                  555 California Street, 12th Floor
                                                  San Francisco, CA  94104
                                                  Telephone: 415.875.2300
                                                  Facsimile: 415.281.1350

5