UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENIGMA SOFTWARE GROUP USA, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>MALWAREBYTES INC.,<br><br>        Defendant. | Case No. 1:16-cv-07885 (PAE)<br><br>**MALWAREBYTES INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL ALLEGATIONS** |

**INTRODUCTION**

Plaintiff Enigma Software Group USA, LLC's ("Enigma") proposed "supplemental" allegations are cumulative of the allegations in the First Amended Complaint ("FAC") and do not alter the bases for transfer or dismissal of the FAC.  They have no bearing whatsoever on whether Malwarebytes Inc. ("Malwarebytes") is subject to personal jurisdiction in this Court or whether transfer is appropriate.  Nor do they change the uncontested fact that consumers ultimately decide to install and use Malwarebytes' software and can decide whether to allow the software to block Enigma's software or not.  Therefore, permitting supplementation of the FAC would only unnecessarily delay proceedings in this matter.  Accordingly, Malwarebytes respectfully requests that the Court deny Enigma's Motion for Leave to File Supplemental Allegations (Dkt. 50).

**I.       ENIGMA'S SUPPLEMENTAL ALLEGATIONS HAVE NO BEARING ON MALWAREBYTES' PENDING MOTION TO TRANSFER OR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION.**

Enigma's supplemental allegations do not purport to be—and are not—germane to whether this action should be transferred to the Northern District of California or dismissed because this Court lacks personal jurisdiction over Malwarebytes.  *See* Memorandum in Support of Motion to Dismiss First Amended Complaint (Dkt. 38) ("Mem.") at 10-16.  If anything, the proposed supplemental allegations merely reinforce that the Northern District of California, where Malwarebytes' filters are developed and implemented, is the locus of operative facts in the case.  Accordingly, the proposed allegations are largely irrelevant.

**II.      THE SUPPLEMENTAL ALLEGATIONS ARE FUTILE BECAUSE THEY DO NOT REMEDY DEFICIENCIES IN ENIGMA'S PLEADING.**

Courts deny futile supplemental pleadings at the motion to dismiss stage where, as here, they do not cure a failure to state a claim.  *Kalimantano GmbH v. Motion in Time, Inc.*, 939 F. Supp. 2d 392, 403, 414 (S.D.N.Y. 2013) (denying plaintiff's motion to supplement

pleadings under Rule 15(d) because the proposed supplementation did not affect the outcome of the motion to dismiss). Enigma's supplemental allegations merely restate what Enigma has already pled—Malwarebytes filters and flags content for its users, while allowing the user to ultimately decide what to do. *See, e.g.*, Declaration of Christopher Verdini, Ex. A (Dkt. 52-1) ¶ 6 (notifying users through a pop-up and allowing them to "Manage Web Exclusions"). Moreover, the supplemental allegations do not change the undisputed fact that users voluntarily decide to download and install Malwarebytes' filtering software on their computers in the first place, and can remove it if they choose. Indeed, Enigma concedes that its proposed supplemental allegations "do not add to or change any of" its claims or its requested relief, and admits that the new allegations are simply a "continuation" of its previous allegations. Memorandum in Support of ESG's Motion for Leave to File Supplemental Allegations (Dkt. 51) ("Motion") at 1.

Nor do Enigma's proposed supplemental allegations alter the questions of (1) whether Malwarebytes is statutorily immune under 47 U.S.C. § 230(c)(2); (2) whether Enigma adequately pled the existence of a false or misleading statement made in commercial advertising or promotion; (3) or whether Enigma has alleged facts plausibly showing that Malwarebytes intentionally interfered with its prospective or existing relations. *See* Mem. at 17-25. Instead, they are cumulative of, and merely parrot, Enigma's conclusory allegation that Malwarebytes engaged in some "anti-competitive campaign." But they also demonstrate that Malwarebytes notifies users of its filtering—allowing the user to decide whether to discontinue use of Malwarebytes' service—and that users can choose to continue using Enigma's products. *See* Malwarebytes Inc.'s Reply Memorandum in Support of Its Motion to Dismiss First Amended Complaint (Dkt. 53) at 6-8; *Klein v. PetroChina Co.*, 644 F. App'x 13, 15 (2d Cir.

2016) (affirming denial of Rule 15(d) motion where the "new allegations appeared to 'be duplicative of what's already in the [second amended] complaint'"). Accordingly, the supplemental allegations do not aid the Court in evaluating Malwarebytes' pending motion to dismiss.

**III.    GRANTING ENIGMA'S MOTION WOULD UNDULY DELAY THESE PROCEEDINGS.**

Granting Enigma's convoluted motion to file supplemental allegations would result in unnecessary inefficiencies and delay. A Court's discretion in deciding whether to permit a supplemental pleading under Rule 15(d) is guided by whether "supplementation will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other party." *Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989) (citations omitted). Enigma's proposed supplementation does not meet this standard.

Allowing Enigma's supplemental pleading at this stage will hamper—rather than further— judicial economy. Malwarebytes' fully-briefed motion to transfer or dismiss is pending before the Court. As discussed in sections I and II above, the supplemental allegations do not affect that motion, and by Enigma's own admission, its supplemental pleading does not materially alter the Court's analysis. Motion at 1. Indeed, the Court could dispose of this matter on Malwarebytes' motion to transfer or motion to dismiss for lack of personal jurisdiction, which would moot Enigma's request. If the Court were to grant Enigma leave to file, however, Malwarebytes should be afforded an opportunity to respond to the supplemental allegations before the Court considers them in connection with Malwarebytes' pending motion. *See* Fed. R. Civ. P. 15(d) ("The court may order that the opposing party plead to the supplemental pleading within a specified time.").

3

While Enigma contends that Malwarebytes is not entitled to respond to the allegations it proposes to add (Motion at 2), the authority it invokes does not support its position.  Enigma cites *Aktiebolag* for the proposition that the Court maintains discretion to permit a response to a supplemental pleading.  But that exercise of discretion necessarily turns on the specific circumstances in each case.  In *Aktiebolag*, the court rejected the defendant's request to file new *counterclaims* in response to the plaintiff's supplemental complaint, which added only an "additional remedy" related to an already adjudicated claim.  *Aktiebolag v. Andrx Pharm., Inc.*, 695 F. Supp. 2d 21, 31-32 (S.D.N.Y. 2010).  Enigma's supplemental pleading is not so limited here, and instead, alleges new conduct.  Although the new allegations are futile, fairness requires that Malwarebytes be permitted an opportunity to respond to them if the Court decides it is appropriate to consider them when ruling on Malwarebytes' pending motion.  *See, e.g.*, *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, No. 15-cv-4244, 2016 WL 6652733, at *4 (S.D.N.Y. Nov. 10, 2016) ("If there is a valid objection to including allegations based on recent events in the plaintiffs' pleading, those arguments can be raised in an answer or a subsequent motion to dismiss.").  This seemingly endless briefing cycle is unnecessary, given the ripe motion before the Court.

For all of the foregoing reasons, Malwarebytes requests that the Court deny Enigma's motion for leave to file supplemental allegations.

Dated:  January 25, 2017

Respectfully submitted,

FENWICK & WEST, LLP

By:    *s/ Tyler G. Newby*
Attorneys for Defendant
MALWAREBYTES INC.

Tyler G. Newby (admitted *pro hac vice*)
tnewby@fenwick.com
Sapna Mehta (admitted *pro hac vice*)
smehta@fenwick.com
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone: 415.875.2300
Facsimile: 415.281.1350